Liu v. Garland

BIA
Zagzoug, IJ
A208 921 888

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-two.

PRESENT:
>    ROBERT D. SACK,
>    RAYMOND J. LOHIER, JR.,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

XUXING LIU,
>    *Petitioner*,

>    v.                                              20-838
>                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, Esq., New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation

Counsel; Corey L. Farrell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xuxing Liu, a native and citizen of the People's Republic of China, seeks review of a February 13, 2020 decision of the BIA affirming an April 13, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xuxing Liu,* No. A 208 921 888 (B.I.A. Feb. 13, 2020), *aff'g* No. A 208 921 888 (Immig. Ct. N.Y. City Apr. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). To determine whether an asylum applicant has sustained his burden of proof, the agency "weigh[s] credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). We find

2

no error in the agency's conclusion that Liu failed to meet his burden of proof as to his claim of past persecution on account of his practice of Christianity.

Substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

3

The agency appropriately relied on inconsistencies and an omission relating to whether the police continued to look for Liu in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Liu wrote that the police returned to his parents' home on several occasions after he left China, threatening his parents that he would be "arrested and detained for ten years" and "punished severely" if he did not return and report to them. He similarly testified that he would be detained for at least ten years if he returned. However, on cross-examination, he testified that he would visit his parents in China if the IJ granted him asylum, and expressed uncertainty about whether police had any active interest in him. The IJ correctly found that these responses "undermine[d] both the subjective fear and the objective fear" central to Liu's asylum application, which was based on fear of being harmed by police who were actively looking for him. Certified Administrative Record at 74. Although voluntary return trips

4

to one's home country are not necessarily evidence of a lack of credibility, the agency reasonably relied on Liu's statement because it undermined his allegation that he would be arrested if he returned—an allegation qualified only by Liu's statement on cross-examination that he would want to know if it was safe for him to return and whether the police were still looking for him. *Id.; see Kone v. Holder*, 596 F.3d 141, 150–51 (2d Cir. 2010). Moreover, a 2018 letter from Liu's mother did not mention police visits or threats after Liu arrived in the United States in 2016. *See Xiu Xia Lin*, 534 F.3d at 167 (permitting consideration of discrepancies between the petitioner's testimony and letters from third parties); *see also Hong Fei Gao*, 891 F.3d at 78–79, 81 (cautioning against reliance on omissions in third-party statements but holding that the probative value of an omission depends on whether the omitted facts are ones that an applicant or witness "would reasonably have been expected to disclose under the relevant circumstances"). Liu's explanation that his mother did not refer to those incidents in her letter because she told him about them previously was not compelling because the letter was addressed to the IJ and

5

submitted to support the asylum claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably relied on Liu's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 81 n.1 ("[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events" (quotation marks omitted)); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). Contrary to Liu's argument that the IJ did not give specific examples to support the demeanor finding, the IJ (1) found that Liu's demeanor was "flat," and that his testimony did not ring true because it was delivered in a "rehearsed sounding manner" at

6

a "mechanical, very quick pace" even when describing past events that had allegedly caused him to cry and tremble, and (2) explained that Liu's testimony appeared "highly memorized, conveyed with only enough detail to meet the four corners of his application." Liu contends that he gave succinct answers due to his limited education, but he fails to explain how a limited education would cause him to testify in a manner the IJ found flat and rehearsed. Given the demeanor finding, inconsistencies, and omissions, substantial evidence supports the adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 76; *Xiu Xia Lin*, 534 F.3d at 165–66.

Nor did the agency err in concluding that Liu did not otherwise meet his burden of proof with reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *see Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir.

7

2018). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Given the credibility concerns discussed above, the agency reasonably found that Liu's testimony alone was insufficiently persuasive to satisfy his burden of proof without certain reasonably available corroborating evidence. *Id.; Wei Sun*, 883 F.3d at 28. The agency did not err in finding that Liu's supporting evidence was insufficient to rehabilitate his credibility or that evidence from an uninterested witness regarding his church attendance was reasonably available. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Liu provided letters from his mother and a friend in China to corroborate his account of past harm, and testimony from his sister, a letter from his

8

pastor, a baptismal certificate, and photographs to corroborate his practice of Christianity in the United States. The IJ reasonably gave diminished weight to the letters and testimony from Liu's family and friend because they were from interested witnesses. The IJ also reasonably found the sister's testimony unpersuasive because she had direct knowledge of Liu attending church on only one occasion. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency decision to afford little weight to petitioner's husband's letter because it was unsworn and from an interested witness). Although Liu presented documentary evidence regarding his religious practice, the IJ did not err in finding that someone from his church could have testified. Liu's testimony that the people he asked did not have legal status and the pastor was busy did not demonstrate that a witness was unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Wei Sun*, 883 F.3d at 30–31.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court